IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DWAYNE TYLER

        Plaintiff,

    v.

DAVID HINES and DAVID RAMOS,

        Defendants.

CIVIL ACTION
NO. 20-2919

## MEMORANDUM OPINION

**Schmehl, J.**  *s/JLS*                                                                 **January 26, 2022**

Plaintiff-inmate Dwayne Tyler, through counsel, alleges that he was "slammed" and "unmercifully beat[en]" by a correctional officer. However, video footage and plaintiff's failure to present adequate evidence of any excessive force renders defendants entitled to Partial Summary Judgment.

## I.    Factual Background

Plaintiff Dwayne Tyler was incarcerated at Lancaster County Prison at the time of the two incidents in question. On November 4, 2019, plaintiff noticed he had blood in his stool, in his bed sheets, and "all over the place" in his cell. (ECF #1, Complaint, at 4.) Plaintiff yelled for help and defendant Correction Officer David Hines came to his cell. Plaintiff placed his hands though the cell door slot so he could be handcuffed, then CO Hines escorted plaintiff and his cell mate to an area so that plaintiff could see a nurse.

When CO Hines brought plaintiff to see the nurse, CO Hines allegedly "slammed him into a chair" in front of the nurse. (*Id.* at 5.) But this incident was captured on video surveillance. The video footage shows that when CO Hines brought plaintiff before the nurse, Hines grabbed a

nearby chair, put it behind plaintiff, and tugged on plaintiff's shirt to indicate to him to sit down. Plaintiff's allegation that he was "slammed" is dispelled from the footage.

After seeing the nurse, plaintiff and his cell mate were escorted back to their cell by CO Hines where plaintiff alleges he was "unmercifully beat[en]" once inside. (*Id.* at 6.) The video footage does not show what occurred inside the cell, but the footage provides the following facts. Hines escorted plaintiff and his cell mate back to their cell while carrying two sets of bed sheets, one in each hand. Hines opened the cell door and all three men walk inside the cell although Hines should not have gone in the cell per prison protocols. According to plaintiff, when Hines went in the cell he "threw the sheets on the bed, and suddenly, without warning, and without provocation or cause, C/O Hines attacked Plaintiff and unmercifully beat him, and he punched Plaintiff two times in the middle of his chest, in the area of the ribs." (*Id.* at 6.)

CO Hines was inside plaintiff's cell for less than three seconds. For plaintiff's allegations to be true, Hines would have to walk into the cell, places the sheets down, beat plaintiff "unmercifully," and then casually walk out of the cell, all within three seconds. Then after Hines walked out of the cell, both inmates immediately and voluntarily placed their hands through the cell door slot to be uncuffed, Hines uncuffed them, and Hines casually walked away. Further, plaintiff provided zero evidence other than his above quoted allegation of this incident. Plaintiff even failed to provide testimony from the only nonparty eyewitness, plaintiff's cell mate. Lastly, plaintiff sought medical attention eight times within the same month of the incident, but he never once complained of any pain or injuries relating to this alleged 'attack.' It was not until his ninth medical visit that he complained of injuries from this incident, but medical professionals did not provide him with any treatment for his alleged "injuries."

After a stipulation among counsel dismissing certain Counts, the remaining counts in this case are as follows: (1) excessive force against both defendants (Count I & II); assault and battery against both defendants (Count IV & VI); and intentional infliction of emotional distress against both defendants (Count V & VII). Presently, defendant David Hines moves for Partial Summary Judgment on all Counts against him, and defendant David Ramos moves for Summary Judgement as to the IIED Count.[1]

## II.   **Standard of Review**

Summary judgment is proper when there is no genuine dispute of material fact and the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(a). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On a motion for summary judgment, the court must consider the "underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 264 (3d Cir. 2006) (citations omitted). If the movant carries its initial burden of showing the basis of its motion, the burden shifts to the non-moving party to go beyond the pleadings and point to "specific facts showing that a genuine issue exists for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In other words, the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Podobnik v. US. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (citation and internal quotation marks omitted). Summary judgment must be granted against a non-moving party who fails to sufficiently "establish the existence of an essential element of its

---

[1]     The remaining Counts after adjudication of this Motion for Partial Summary Judgment are those against defendant CO Ramos, Counts II & VI, for a separate alleged incident of excessive force and assault and battery occurring on February 21, 2020, that was not captured on video.

case on which it bears the burden of proof at trial." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).

**III.     Analysis**

In each Count, plaintiff must prove some degree of force was committed against him. Specifically, for the excessive force claim plaintiff must prove "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). For the assault claim, plaintiff must prove that the defendants placed him in a reasonable and immediate apprehension of harmful or offensive contact, and that act does cause such apprehension. *Sides v. Cleland*, 648 A.2d 793, 796 (Pa. Super. 1994). For the battery claim, plaintiff must prove an intentional offensive bodily contact. *Renk v. City of Pittsburgh*, 641 A.3d 289 (1994). For the IIED claim, plaintiff must prove, in part, extreme and outrageous conduct. *Williams v. Guzzardi*, 875 F.2d 46, 52 (3d Cir. 1989).

Plaintiff failed to go beyond his allegations and point to specific facts showing a genuine issue for trial as to the November 4, 2019, incidents. *See Celotex Corp.*, 477 U.S. at 323-24. The video footage contradicts plaintiffs allegations that excessive force, assault, battery, and extreme and outrageous conduct occurred. *See Scott v. Harris*, 550 U.S. 372, 378-79 (2007) (discussing importance of video tape evidence).

In the first incident, the video footage shows CO Hines is seen providing plaintiff with a chair, and tugging on plaintiff's shirt so as to inform and get him to sit down. Plaintiff characterizes this incident as a "slam," which is not the truth. Plaintiff did not complain of any pain from this incident at the time when he was with a nurse nor did he complain of pain during his next eight medical visits.

In the second incident, the video footage shows that Hines was in plaintiff's cell for less than three seconds. Within that time Hines had to walk into the cell, place the new bed sheets on each inmates' bed, walk out of the cell, and as alleged, commit an "unmerciful beating" of plaintiff. But the video footage shows Hines walking into the cell with bed sheets and causally leaving in less than three seconds. After Hines walks out of the cell, both inmates immediately and voluntarily put their hands through the cell door slot to be uncuffed, and Hines walks away.

Plaintiff saw medical professionals eight times within the same month of the alleged incidents and never complained of pain coming from the "slam" or "unmerciful beat[ing]." It was not until the next month and his ninth visit with medical professionals that he complained of injuries relating to the alleged incidents but, he never received any medical treatment and he has not provided any medical evidence concerning his alleged emotional distress.

Further, plaintiff failed to provide any evidence or testimony from plaintiff's cell mate who is allegedly the only nonparty eyewitness. Plaintiff provided no information whatsoever as to what plaintiff's counsel did to locate or get information about the cell mate other than stating that his information was not provided in defendants' Rule 26 disclosures. Plaintiff provided a footnote in his opposition for Summary Judgement stating that plaintiff's counsel discovered the cell mate's name during depositions, plaintiff asked defendants for the cell mate's "information" but defendants refused because "it was the Plaintiff's responsibility to 'locate him,'" therefore, "this Motion for Summary Judgment is being filed without any information whatsoever from Plaintiff's cellmate, who apparently was indeed in the cell when Corrections Officer Hines punched Plaintiff." (ECF #45, Plaintiff's Opposition, at 3-4, FN2.)

Plaintiff, through his counsel, completely failed to provide any evidence of plaintiff's cell mate "who apparently was indeed in the cell when Corrections Officer Hines punched Plaintiff."

(*Id.*) Plaintiff filed this case in May 2020 and fact discovery was not closed until May 2021. Plaintiff's counsel has not even explained the steps he took to try to locate the cell mate during fact discovery. Plaintiff's footnote above is not an excuse nor justification for plaintiff's failure to present evidence of the only alleged nonparty eyewitness.

Finally, while generally a factual issue as to what happened inside plaintiff's cell when he was "unmercifully beat[en]," all the evidence before the Court displays a different story. Plaintiff says he was "slammed" and "felt pain throughout his body" on the first incident. However, video footage shows his shirt is tugged by CO Hines and he did not complain of any pain to the nurse who he was seeing at the time. The video footage also shows CO Hines walking into plaintiff's cell and leaving in less than three seconds. We know that within those three seconds, Hines walks in, places bed sheets down on each bed, and walks out. But plaintiff alleges an "unmerciful beat[ing]" also occurred within those three seconds. But when Hines walked out, he immediately uncuffed plaintiff and the cell mate through the cell door slot and walked away. Plaintiff saw medical professional eight times after both incidents but did not make any complaints until his ninth visit and did not receive any medical treatment for alleged injuries. Plaintiff also failed to present evidence of the only nonparty eyewitness, the cell mate. Accordingly, the allegation of a slam and an unmerciful beating is contrary to all factual evidence, are simply bare allegations, and therefore, no genuine dispute of material fact exists as to whether plaintiff endured any excessive force regarding these two incidents.

IV.   **Conclusion**

For the reasons above, the Court grants the defendants' Motion for Partial Summary Judgement, CO Hines is dismissed from the case, the IIED claim is dismissed against CO

Ramos, and the only Counts that remain are Counts II & VI for excessive force and assault and

battery against CO Ramos.

**BY THE COURT:**

/s/ *Jeffrey L. Schmehl*
**Jeffrey L. Schmehl, J.**